UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PEDRO PABLO MURILLO CRUZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No.:  26-CV-04139 JAO (VET)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Before the Court is Petitioner Pedro Pablo Murillo Cruz ("Petitioner")'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Also before the Court is Respondents Markwayne Mullin's (Secretary, United States Department of Homeland Security ("DHS")), Todd Lyon's (Acting Director, United States Immigration and Customs Enforcement ("ICE")), Patrick Divver's (Field Office Director, San Diego Field Office, ICE), Jeremey Casey's (Senior Warden, Imperial Detention Center), Sirce Owen's (Acting Director of the Executive Office for Immigration Review, United States Department of Justice ("DOJ")), and Todd Blanche's (Acting Attorney General, DOJ) (collectively, "Respondents" or the "Government") Return to the Petition (ECF No. 4), and Petitioner's Traverse (ECF No. 5).

For the following reasons, the Court **GRANTS IN PART** the Petition.

1

## BACKGROUND

Petitioner is a citizen of Honduras. *See* ECF No. 1 ¶ 5. He entered the United States without inspection and lived in the United States for more than twenty years before being detained by Respondents on June 25, 2025 in Miami, Florida. *See id.* ¶¶ 3, 5, 55. Petitioner was then transferred to the Imperial Detention Facility in Calexico, California, where he remains detained. *See id.* ¶¶ 3, 55. To date, Petitioner has not received a bond hearing. *See id.* ¶ 24.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that his detention without notice or a pre-deprivation hearing is unlawful and violates his due process rights. *See* ECF No. 1 ¶ 57. Respondents concede that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) ("*Bautista*"). *See* ECF No. 4 at 1–2. And while the Ninth Circuit stayed the application of *Bautista* beyond the Central District of California, the Ninth Circuit's decision in *Rodriguez Vasquez v. Bostock* suggests that members of Petitioner's class

(*i.e.*, persons present without admission who are apprehended in the interior of the United States) are subject to release on bond under 8 U.S.C. § 1226(a), rather than the detention regime outlined in § 1225(b)(2)(A). *See Rodriguez Vasquez*, No. 25-6842, slip op. at 10 (9th Cir. 2026). Respondents' Return, while predating *Rodriguez Vasquez*, also recognizes that courts in this district have ordered bond hearings in similar cases. *See* ECF No. 4 at 2. "Respondents therefore do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.*

The Court concludes that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See, e.g.*, *Esquival-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1080–81 (S.D. Cal. 2025); *Garcia Garcia v. Mullin*, 2026 WL 1303159, at *1 (S.D. Cal. May 12, 2026) (acknowledging *Bautista* and ordering bond hearing).

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART and DENIES IN PART** the Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the Government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.[1] If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody. The Court **DENIES** Petitioner's request for release from detention without prejudice but notes that if Respondents do not give Petitioner an adequate bond hearing, the Court may order release in the future. *See, e.g.*, *Singh v. LaRose*, 2026 WL 1387428, at *5–6 (May 18, 2026); *Perez Velasquez v. Bondi*, 2026

---

[1] *See, e.g.*, *Barrera v. LaRose*, 2026 WL 1303159, at *1 n.3 (S.D. Cal. Feb. 19, 2026) (concluding that the Government bears the burden on a bond hearing of a *Bautista* class member).

26-CV-04139 JAO (VET)

WL 1042479, at *6–7 (S.D. Cal. Apr. 16, 2026).  The Parties **SHALL** file a Joint Status Report by August 17, 2026, informing the Court of the outcome of the hearing.[2]

**IT IS SO ORDERED.**

Dated:  August 3, 2026

Jill A. Otake
United States District Judge

---

[2] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *See* ECF No. 1 at 10.  Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.  *See* 28 U.S.C. § 2412(d)(1)(B).

26-CV-04139 JAO (VET)